IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LILLY DORSEY, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-19-1278 |
| CHARLES WATSON, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant, Charles Watson, moves this Court to dismiss the Complaint of *pro se* Plaintiff, Lilly Dorsey, for sexual harassment[1] and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964 (the "Motion to Dismiss") (ECF No. 18). After considering the Motion to Dismiss and the response thereto (ECF No. 20), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss. The Court also GRANTS Plaintiff leave to amend the Complaint.

### FACTUAL BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff was employed as an addiction counselor trainee at Riverside Treatment Services, LLC ("Riverside") from May 2017 until her termination on September 5, 2017. ECF No. 1-5 at 13; ECF No. 1-10 at 2–3; ECF No. 20-1 at 1. On or about June 21, 2017, Plaintiff alleges that she attended an off-site celebratory work event where Defendant, her co-worker, said "Let me feel your --- (butt)" and

---

[1] Both Defendant and this Court understand and construe this claim to be one for hostile work environment. ECF No. 18-1 at 5.

1

then "squeezed [her] butt cheeks." ECF No. 1 at 6; ECF No. 1-10 at 2. Plaintiff's attempts to address the incident with Defendant on several occasions and with Michael Oliver, the owner of Riverside, were unsuccessful. ECF No. 1-3 at 1–2.

Over the course of the next few months, the work environment became "hostile" and Plaintiff found it "unbearable" to perform her job because Defendant "interfered with [her] caseload" and clients. *Id.* at 2–4. Between August 27, 2017 and September 3, 2017, Plaintiff took a pre-approved, paid vacation and was scheduled to return to work on September 5, 2017. ECF No. 1-5 at 13–14; ECF No. 1-10 at 2. Upon her return from vacation, Plaintiff learned of two deaths in her family. ECF No. 1-3 at 4. She contacted Mr. Oliver to request an additional week off and he approved the request. *Id.* However, on September 5, 2017, Defendant called Plaintiff and informed her that she was being terminated. *Id.* at 5. Defendant allegedly offered to pay Plaintiff for her two weeks of vacation as well as two months of severance pay if she signed a separation agreement, but Plaintiff refused to sign the agreement. *Id.*; ECF No. 1-6 at 2–6.

After her termination, Plaintiff applied for unemployment benefits with the State of Maryland. ECF No. 1-5 at 13–17. The Division of Unemployment Insurance investigated the claim and recorded Riverside's stated reason for termination as being due to Plaintiff taking an additional week off after her vacation. *Id.* at 14. On October 17, 2017, the Division issued a Notice of Benefit Determination, which stated:

> [Plaintiff] was discharged or suspended as a disciplinary measure by the employer, Riverside Treatment Services[,] on 09/05/2017 because of excessive absenteeism. Information has been presented, however, showing that [Plaintiff]'s absences were of a compelling and necessitous nature. As a result, the circumstances surrounding the separation do not warrant a disqualification under Section 8-1002 or 8-1003 of the Maryland Unemployment Insurance Law.
>
> Benefits are allowed, if otherwise eligible.

*Id.* at 17. Riverside appealed this determination and documents indicate that the appeal hearing was scheduled for January 29, 2018; however, the outcome of the appeal is not clear from the record. *See* ECF No. 1-11 at 13.

## PROCEDURAL BACKGROUND

On September 28, 2017, after her termination, Plaintiff filed a Charge of Discrimination against Riverside with the Maryland Commission on Civil Rights and the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and retaliation dating from June 22, 2017 through September 5, 2017. ECF No. 1-10 at 2–3. In the charge, Plaintiff alleged that Defendant "whispered in [her] ear[,] 'I'm going to squeeze your butt[,]' and proceeded to touch [her] butt" at a one-year anniversary work event on June 22, 2017. *Id.* at 2. Plaintiff stated that she subsequently filed complaints with the National Association of Social Workers and the Board of Professional Counselors for sexual harassment and unethical practices in late August 2017 and, shortly thereafter, she was terminated on September 5, 2017 by Defendant, who explained that Plaintiff "seemed to have a lot on [her] plate and [she] was not a good fit." *Id.* at 2–3. On February 1, 2019, the EEOC issued a Dismissal and Notice of Rights to Plaintiff, informing her that there was no evidence of unlawful conduct. ECF No. 1-4.

On April 30, 2019, after exhausting her administrative remedies, *see id.*, Plaintiff filed suit in this Court against Defendant, alleging that she suffered sexual harassment and retaliation. ECF No. 1 at 5–6.[2] On June 24, 2019, Defendant filed the Motion to Dismiss. ECF No. 18. Plaintiff filed an opposition on July 8, 2019. ECF No. 20. Defendant did not file a reply and the time to do so has since passed.

---

[2] In accordance with Standing Order 2018-04 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings.

3

This matter is now fully briefed, and the Court has reviewed Defendant's Motion to Dismiss, as well as the response thereto. For the following reasons, Defendant's Motion to Dismiss (ECF No. 18) will be GRANTED. Additionally, Plaintiff will be GRANTED leave to amend the Complaint.

## DISCUSSION

### A. Standard of Review for Motion to Dismiss for Failure to State a Claim

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

4

## B. Defendant's Motion to Dismiss for Failure to State a Claim

In her Complaint, Plaintiff alleges that she experienced sexual harassment and retaliation by Defendant during her employment at Riverside in violation of Title VII of the Civil Rights Act of 1964. ECF No. 1 at 4–5. In his Motion, Defendant makes several arguments for dismissal, including that he is not liable in his individual capacity under Title VII. ECF No. 18-1 at 4.

The Plaintiff in this matter is *pro se*. The Court liberally construes complaints filed by *pro se* plaintiffs. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). *Pro se* lawsuits "represent the work of an untutored hand requiring special judicial solicitude." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). However, *pro se* lawsuits "do[ ] not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Title VII provides that it is an "unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2018). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working date in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). However, it does not define the term "agent." *Id.* The United States Court of Appeals for the Fourth Circuit has "read[ ] Title VII to foreclose individual liability" and held that "supervisors are not liable in their individual capacities for Title VII violations" because "the language of Title VII and . . . its remedial scheme seems so plainly tied to employer, rather than individual, liability." *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998).

5

Here, Defendant is not an "employer" within the meaning of Title VII and, thus, is not liable in his individual capacity as a supervisor or an employee. *Id.*; *see also Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'"). Accordingly, because Plaintiff's Title VII claims cannot proceed against Defendant,[3] the Motion to Dismiss is GRANTED. Given Plaintiff's *pro se* status, she will be GRANTED leave to amend the Complaint.

## CONCLUSION

In conclusion, for the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 18) is GRANTED. Plaintiff is GRANTED leave to amend the Complaint. A separate Order will follow.

Date: 23 July 2019

A. David Copperthite
United States Magistrate Judge

---

[3] Due to this fundamental defect, the Court will decline to address Defendant's remaining arguments for dismissal.

6